UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Criminal Case No. 1:18-cr-00132-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TIFFANY KRYSTAL MANKIN,

    Defendant.

___

### ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE
___

After considering the applicable factors provided in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3582(c)(1)(A), and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is GRANTED for the following reasons:

1. Ms. Mankin was sentenced on February 22, 2018 to 30 months imprisonment plus three years supervised release for mail theft, concurrent with an unrelated state court sentence in Case No. 17CR1723. *See* ECF Nos. 96-99. Including presentence confinement credit, she has served approximately 70% of the sentence (approximately 84% if one assumes approximately 15% good time credit).

2. At the time of sentencing Ms. Mankin was pregnant with her first child, and the Court recommended that she be placed in the Residential Parenting Program at the Washington State Department of Corrections. However, she did not qualify. She gave birth to her child on June 18, 2019 while incarcerated at FMC Carswell in Fort Worth, Texas. The child was picked up by Ms. Mankin's mother who lives in Colorado and has been in the mother's care since then (the

child's father is unavailable due to his own incarceration).  Although Ms. Mankin's mother has willingly cared for the child, doing so has been a burden due to the unavailability of other family members to share much of the task, her own health issues, and the demands of her employment as a realtor.

3. During the summer of 2020 Ms. Mankin contracted COVID-19, although as of August 4 she was no longer positive for the disease, and she also experienced complications relating to abnormally low potassium levels.  Neither of these conditions is, by itself, an extraordinary and compelling reason for a compassionate release.

4. Although the custodial portion of her concurrent state sentence expired on September 1, 2020, there still is a state detainer that affects Ms. Mankin's potential opportunity to be released to a reentry center or home confinement to complete her federal sentence.

5. Ms. Mankin has exhausted her administrative remedies.

6. The government has not responded to the pending motion.

7. The Court is concerned about recidivism, given Ms. Mankin's prolonged criminal history.  However, releasing her a little early isn't likely to lessen that risk.  The Court hopes that being reunited with the baby she has hardly seen and the knowledge that any new conviction is likely to take her away from the child for an extensive period will be enough for Ms. Mankin to develop respect for the law and the rights of others.

8. The Court finds that the combination of her having served 70% or more of her sentence, the impact of the state detainer, and most importantly the child's need for his mother and vice-versa, constitutes an extraordinary and compelling reason for a compassionate release. The Court approves defendant's release plan, i.e., to live in Colorado with her mother and child once her state court obligation is resolved.

**ORDER**

Defendant's motion for a compassionate release, ECF No. 103, is GRANTED. The Court reduces her sentence of federal imprisonment to time already served. The Court modifies the terms of supervised release to include home confinement in her mother's home for of a minimum of six months.

Dated: November 6, 2020.

BY THE COURT:

*[signature]*

R. Brooke Jackson
United States District Judge